OPINION
{¶ 1} Plaintiff-appellant Donald Sullivan (hereinafter "appellant"), appeals from the decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee Reginald A. Wilkinson. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant has a 15-year history, from 1983 to 1998, of being sentenced to and paroled from Ohio's prison system. Currently, he is serving an aggregate six to 35 year sentence with an anticipated expiration of sentence on or about September 4, 2016. Beginning on November 3, 1983, appellant was convicted of attempted murder and possession of a weapon while under a disability. He was sentenced to an aggregate indefinite term of four to 25 years and remanded to the custody of the Ohio Department of Rehabilitation and Corrections (hereinafter "ODRC").
 {¶ 3} Appellant was initially paroled on October 20, 1986. While on parole, appellant was convicted of a variety of crimes. On February 22, 1988, he was sentenced to an aggregate indefinite term of two to ten years, which ran consecutively with his original sentence. Hence, appellant's aggregate indefinite sentence was six to 35 years.
 {¶ 4} On August 12, 1991, appellant was released on parole. This time appellant committed a drug abuse offense. He was convicted and sentenced to serve six months on August 18, 1992.
 {¶ 5} Appellant was released on parole on November 20, 1995. On August 28, 1996, appellant's parole was revoked and he returned to prison.
 {¶ 6} Appellant was paroled for the fourth time on January 7, 1998. Once again, while on parole, appellant committed various drug crimes. On October 6, 1998, he was convicted and sentenced to six months. On October 9, 1998, appellant's parole was revoked and he was returned to the custody of ODRC to continue serving his aggregate indefinite sentence of six to 35 years. As stated above, appellant's sentence is estimated to expire on September 4, 2016.
 {¶ 7} Since his return to ODRC, appellant received parole hearings on April 27, 2000 and April 24, 2002. Appellant was denied release at the second hearing due to his maximum security status while incarcerated at the Southern Ohio Correctional Facility (hereinafter "SOCF").[1]
 {¶ 8} On September 11, 2002, appellant filed a petition for declaratory judgment and injunctive relief. Appellant argued ODRC policy501.36 (hereinafter "ODRC 501.36"), which prevents parole release to inmates with maximum security classifications, eliminated his parole eligibility under R.C. 2967.13. Moreover, appellant maintained ODRC 501.36
violated the ex post facto clause and was not a properly promulgated administrative rule.
 {¶ 9} On November 7, 2002, appellee filed a motion for summary judgment arguing, inter alia, appellant's rights were not violated when the parole board considered his maximum security level in its parole decision as Ohio does not have a state-created right to parole. Additionally, appellee maintained, absent a constitutionally impermissible reason, a denial of parole is not subject to judicial review.
 {¶ 10} Appellant filed a motion for leave to amend seeking to clarify issues in his complaint on November 13, 2002. The trial court denied leave to amend on December 11, 2002.
 {¶ 11} In addition to its motion for summary judgment, appellee filed a motion to strike appellant's response to its answer on November 20, 2002.
 {¶ 12} On January 6, 2003, the trial court granted appellee's motion for summary judgment. The trial court concluded appellant's arguments, with the exception of the violation of the ex post facto clause, were addressed and rejected by this court in State ex rel.Flanagan v. Ohio Dept. of Rehab. Corr., Franklin App. No. 02AP-123, 2002-Ohio-6444. As to the alleged violation of the ex post facto clause, the trial court concluded the clause only applies to legislative enactments. Since parole guidelines are not legislative enactments, the ex post facto clause does not apply to parole guidelines.
 {¶ 13} Appellant timely filed the instant appeal asserting the following assignments of error:
Assignment of Error No. 1
The court of common pleas was legally wrong to deny appellant leave to amend complaint and thereby abused its discretion.
Assignment of Error No. 2
The court of common pleas was legally wrong to grant appellee's motion to strike appellant's answer.
Assignment of Error No. 3
The court of common pleas erred in granting appellee [sic] summary judgment.
 {¶ 14} In appellant's first assignment of error, he contends the trial court abused its discretion in denying him leave to amend his complaint. He argues the amendments sought to properly state injurious allegations derived from issues presented in his complaint. However, appellee asserts appellant's amendments were unnecessary and futile. Appellee maintains the amendments sought to clarify his position of the law governing the case, which is the responsibility of the trial court.
 {¶ 15} Courts are to liberally construe Civ.R. 15(B) in an effort to decide cases on their merits. Hall v. Bunn (1984), 11 Ohio St.3d 118,121. However, such liberality is not without limit. Fabry v. Kral (Feb. 9, 1994), Summit App. No. A. 16320.
 {¶ 16} The standard of review for a trial court's decision on a motion to amend a complaint is an abuse of discretion standard.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122. An "`abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87. A trial court abuses its discretion in denying a motion for leave to amend a complaint when the motion is timely filed and may state a claim upon which relief may be granted and the trial court provides no justification for the denial. Peterson v.Teodosio (1973), 34 Ohio St.2d 161, paragraph six of the syllabus. Notwithstanding, appellant is unable to rely on Peterson where the motion is not timely filed or where the trial court gave other reasons for justifying denial of the motion. Wilmington Steel Products, Inc., supra.
 {¶ 17} An examination of the appellant's motion for leave to amend reveals he was not seeking leave to state a claim upon which relief may be granted. Instead, appellant's proposed amendments sought to clarify the law governing the claims already asserted in the complaint. Moreover, while appellant's brief sets forth the contents of the specific paragraphs of the complaint he sought to amend, his motion below merely stated the paragraph numbers to be amended and nothing more. As such, the trial court did not abuse its discretion in denying appellant's motion for leave to amend the complaint.
 {¶ 18} Accordingly, appellant's first assignment of error is overruled.
 {¶ 19} Appellant argues in his second assignment of error the trial court erred in granting appellee's motion to strike. Appellant maintains appellee failed to raise the issue of prejudice. Moreover, appellant contends the civil rules provide for the type of response he offered. In response, appellee argues appellant's response was redundant as it failed to raise new claims not presented in the complaint. Moreover, as appellant does not represent appellee, his response to appellee's answer was immaterial. Finally, the civil rules do not provide for a response to an answer as presented by appellant.
 {¶ 20} Civ.R. 12(F) provides that a "court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." As with the motion for leave to amend, we review a motion to strike pursuant to an abuse of discretion standard. Abernathy v. Abernathy, Cuyahoga App. No. 81675, 2003-Ohio-1528.
 {¶ 21} In the instant action, appellant's response sets forth rebuttals to the defenses set forth in appellee's answer. As the civil rules do not provide for a response to an answer in the manner presented by appellant, the trial court did not abuse its discretion in granting appellee's motion to strike.
 {¶ 22} Accordingly, appellant's second assignment of error is overruled.
 {¶ 23} Appellant's final assignment of error maintains the trial court erred in granting appellee's motion for summary judgment. Appellant argues ODRC 501.36 arbitrarily disregards the legislative intent enacted in R.C. 2967.21. Further, he asserts his claim that ODRC 501.36 violates the ex post facto clause does have merit. In response, appellee contends this court's holding in Flanagan, supra, is dispositive of appellant's claim.
 {¶ 24} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 25} It is undisputed there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and CorrectionalComplex (1979), 442 U.S. 1, 99 S.Ct. 2100. Whether or not to grant parole to a prisoner lies within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen (1981), 454 U.S. 14, 102 S.Ct. 31. Therefore, a prisoner who is denied parole is not deprived of "liberty" unless the parole decision is mandatory pursuant to state law. State exrel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355.
 {¶ 26} In Flanagan, supra, at ¶ 27-28, we considered, with knowledge of the aforementioned holdings, Mr. Flanagan's argument ODRC501.36 deprived him of his right to be released. We concluded:
As can clearly be seen, although relator will not be released on parole as long as he is classified as a maximum-security inmate, respondent will, to the extent possible, give relator a continued date at which time his release on parole will again be considered provided that he has received a security classification less than maximum. Relator remains "eligible" for parole, to the extent that respondent will reconsider his `suitability' for release on parole at a later time.
* * * Relator is not entitled to be released on parole prior to the expiration of his full sentence and relator remains eligible for parole, although pursuant to the policies of ODRC, he will not currently be released on parole due to his status as a maximum-security inmate.
 {¶ 27} In the instant action, appellant is in the exact situation as Mr. Flanagan. Accordingly, the analysis set forth above is applicable. As such, ODRC 501.36 does not deny appellant parole eligibility under R.C. 2967.13.
 {¶ 28} Moreover, the ex post facto clause applies only to criminal statutes. State v. Cook (1998), 83 Ohio St.3d 404, 415, citing CaliforniaDept. of Corrections v. Morales (1995), 514 U.S. 499, 504,115 S.Ct. 1597; Collins v. Youngblood (1990), 497 U.S. 37, 43, 110 S.Ct. 2715. As ODRC 501.36 is not a criminal statute, the ex post facto clause is inapplicable.
 {¶ 29} Therefore, the trial court properly granted appellee's motion for summary judgment. Appellant's third assignment of error is overruled.
 {¶ 30} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] At the time of the filing of the briefs, appellant was incarcerated at Trumball Correctional Institute.