DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION ON MOTION TO DISMISS
{¶ 1} Relator, Darryl Smith ("relator"), filed this original action in mandamus, requesting a writ of mandamus to issue against respondent, Ohio Adult Parole Authority ("OAPA"), regarding an April 2003 OAPA decision to conditionally release him on parole within 60 days. OAPA filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that OAPA had absolute discretion on whether and when to grant parole, that relator had not been released on parole, and that relator's claims were therefore not reviewable in mandamus. Therefore, the magistrate recommended the court grant OAPA's motion to dismiss.
 {¶ 3} Relator has filed objections to the magistrate's decision, largely reiterating his arguments and citations previously presented. According to the complaint, the OAPA's April 2003 decision conditionally releasing relator on parole within 60 days or on or about June 16, 2003, was revoked arbitrarily by the OAPA, thus violating his due process rights.
 {¶ 4} The decision whether to grant parole lies within the absolute discretion of the OAPA. Revised Code 2967.03; Woods v.Telb (2000), 89 Ohio St.3d 504. In Jago v. Van Curen (1981),454 U.S. 14, 102 S.Ct. 31, the United States Supreme Court held that under Ohio law, an Ohio inmate does not have a liberty interest in parole. See, also, Sullivan v. Wilkinson, Franklin App. No. 03AP-117, 2003-Ohio-7028 (holding that a prisoner who is denied parole is not deprived of "liberty" unless the granting of parole is mandatory pursuant to state law).
 {¶ 5} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. SpringfieldLoc. School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. University CommunityTenants Union (1975), 42 Ohio St.2d 242. Relator has no constitutional, statutory, or inherent right to parole. State exrel. Miller v. Leonard (2000), 88 Ohio St.3d 46. Nor does a prisoner have a constitutional or inherent right to be released from prison prior to the expiration of a valid sentence.Greenholtz v. Inmates of Nebraska Penal and CorrectionalComplex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100. As the decision whether and when to grant parole lies within the absolute discretion of the OAPA, the relator has failed to state a claim upon which relief can be granted.
 {¶ 6} Following an independent review of the record, we find the magistrate has properly determined the facts and applied the salient legal standard. We hereby adopt the magistrate's decision as our own, including the findings of fact and conclusion of law it contains and is amplified herein. In accordance with the magistrate's decision, we overrule relator's objections and grant respondent's motion to dismiss.
Objections overruled; motion to dismiss granted.
Bowman and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Darryl Smith, : Relator, : v. : No. 03AP-956 Ohio Adult Parole Authority, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on March 23, 2004 Darryl Smith, pro se.
Jim Petro, Attorney General, and Scott M. Campbell, for respondent.
 IN MANDAMUS ON MOTION TO DISMISS {¶ 7} In this original action, relator, Darryl Smith, an inmate of the Mansfield Correctional Institution, requests that a writ of mandamus issue against respondent Ohio Adult Parole Authority ("OAPA") regarding an alleged April 2003 OAPA decision to conditionally release him on parole within 60 days. Relator alleges that the OAPA rescinded its decision and has not released him pursuant to the April 2003 decision.
Findings of Fact:
 {¶ 8} 1. On September 26, 2003, relator, Darryl Smith, an inmate of the Mansfield Correctional Institution, filed this original action against respondent OAPA.
 {¶ 9} 2. According to the complaint, relator was sentenced for several offenses by the Cuyahoga County Court of Common Pleas in 1983 and 1986. Those sentences were imposed consecutively and aggregated into a term of eight to 25 years.
 {¶ 10} 3. According to the complaint, relator was paroled in April 1991. In November 1991 he was arrested as a parole violator and reimprisioned.
 {¶ 11} 4. According to the complaint, in April 2003, the OAPA ordered that relator be conditionally released on parole within 60 days thereafter or on or about June 16, 2003.
 {¶ 12} 5. According to the complaint, on June 13, 2003, the OAPA decided not to release relator as planned.
 {¶ 13} 6. According to the complaint, on July 18, 2003, the OAPA voted to rescind its April 2003 decision and to rehear the matter in August 2003.
 {¶ 14} 7. According to the complaint, on August 18, 2003, the OAPA voted to deny parole.
 {¶ 15} 8. According to the complaint, the OAPA's decision to rescind its April 2003 decision violated relator's right to due process of law.
 {¶ 16} 9. On October 15, 2003, respondent moved to dismiss this action.
 {¶ 17} 10. On November 17, 2003, relator filed a brief or memorandum in opposition to respondent's motion to dismiss.
Conclusions of Law:
 {¶ 18} It is the magistrate's decision that this court grant respondent's motion to dismiss.
 {¶ 19} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94.
 {¶ 20} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242.
 {¶ 21} Relator has no constitutional, statutory, or inherent right to parole. State ex rel. Miller v. Leonard (2000),88 Ohio St.3d 46; State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 125. Moreover, a prisoner has no constitutional or inherent right to be released from prison before the expiration of a valid sentence. Greenholtz v. Inmates ofNebraska Penal and Correctional Complex (1979), 442 U.S. 1, 7,99 S.Ct. 2100; Hattie, supra.
 {¶ 22} The decision whether and when to grant parole lies within the absolute discretion of the OAPA. R.C. 2967.03; Woodsv. Telb (2000), 89 Ohio St.3d 504, 512; State ex rel. Fergusonv. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355; State exrel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 43.
 {¶ 23} Given those parameters, the premise for relator's complaint in mandamus is flawed. The parole decision was within the absolute discretion of the OAPA. Relator's allegations are not reviewable in this action.
 {¶ 24} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.
 /s/ Kenneth W. Macke 
KENNETH W. MACKE MAGISTRATE