OPINION
{¶ 1} Plaintiff-appellant, Michael Festi, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for declaratory judgment and injunctive relief upon the motion of defendant-appellee, the Ohio Adult Parole Authority ("OAPA").
 {¶ 2} Appellant is presently serving an indefinite prison term of ten to twenty-five years at the Chillicothe Correctional Institution after pleading guilty to one count of rape. Although he was indicted for multiple counts of rape, appellant pled guilty to a single count pursuant to a negotiated plea agreement.
 {¶ 3} On March 3, 2000, after serving seven years of his sentence, appellant received his initial parole hearing. At appellant's parole hearing, OAPA utilized its parole guidelines, assigned appellant an offense category of 13, denied appellant parole, and continued appellant's next parole hearing for ten years, until March 2010.
 {¶ 4} In May 2003, OAPA provided appellant with a Layne review, pursuant to the Ohio Supreme Court's decision in Layne v. Ohio AdultParole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719. In Layne, the court held that, "[i]n any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." Id. at syllabus. At appellant's Layne review, OAPA appropriately reclassified appellant from offense category 13 to category 10, which corresponds with the offense of rape. OAPA also continued appellant's next parole hearing for an additional 117 months, until May 2013. Thus, even though OAPA correctly reduced appellant's offense category and consequently his parole guideline range, OAPA added three years to appellant's next scheduled parole hearing.
 {¶ 5} On January 6, 2004, appellant filed a complaint for declaratory judgment and injunctive relief in the Franklin County Court of Common Pleas. Despite acknowledging that he has no statutory or constitutional right to parole, appellant challenged the OAPA's continuance of his next parole hearing. Specifically, appellant sought a declaratory judgment that OAPA's practices and procedures, including its continuance of his next parole hearing, violated his substantive due process rights. Appellant also requested a preliminary injunction prohibiting OAPA from increasing the time until his next hearing and ordering OAPA to schedule his next parole hearing for March 2010.
 {¶ 6} In response to appellant's complaint, OAPA filed a motion to strike or, in the alternative, a motion to dismiss. In its motion to strike, OAPA stated that appellant was a class member in a pending class action, Ankrom v. Hageman, Franklin C.P. No. 01CVH02-1563 (Cain, J.). Specifically, OAPA argued that appellant's status as an Ankrom class member prohibited appellant from individually pursuing an action for breach of his plea agreement because such claims were already pending inAnkrom. In response to OAPA's motion, appellant clarified that his complaint contained no cause of action premised on a breach of his plea agreement. OAPA also argued that appellant's complaint failed to state a claim upon which relief could be granted and moved the trial court to dismiss appellant's action on that basis.
 {¶ 7} On November 23, 2004, the trial court issued a decision granting OAPA's motion to dismiss pursuant to Civ.R. 12(B)(6). Relying on this court's decisions in Poluka v. Ohio Adult Parole Auth., Franklin App. No. 02AP-484, 2003-Ohio-153; and Nobles v. Ohio Dept. of Rehab. Corr.
(Dec. 5, 2000), Franklin App. No. 00AP-200, the trial court concluded: "Declaratory judgment is not the appropriate remedy for the Plaintiff to challenge the application of the parole guidelines to his parole decisions." The trial court journalized its dismissal of appellant's complaint on December 14, 2004.
 {¶ 8} Appellant filed a notice of appeal in this court and asserts the following assignment of error:
Trial Court abused [its] discretion by Dismissing Plaintiff's Declaratory Judgment Motion Pursuant to Civ.R. 12(B).
 {¶ 9} Appellate review of a trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6), is de novo. Singleton v. Adjutant Gen. ofOhio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 16. In order for a court to dismiss a case, pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. Springfield Fireworks, Inc. v. Ohio Dept. of Commerce,
Franklin App. No. 03AP-330, 2003-Ohio-6940, at ¶ 12.
 {¶ 10} As an initial matter, we note that appellant is a member of the plaintiff class in Ankrom. The Ankrom class consists of parole eligible Ohio prison inmates who pled guilty or no contest to lesser or fewer offenses than those for which they were indicted. The Ankrom class alleged that OAPA failed to promulgate its parole guidelines in accordance with the Administrative Procedures Act and that the parole guidelines violated the doctrine of separation of powers, its members' plea agreements, the constitutional guarantees of due process and equal protection, and the constitutional prohibitions against double jeopardy and ex post facto enhancement of punishment. In the Ankrom appeal, Ankromv. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546, this court addressed assignments of error related to class members' statutory rights and contractual rights via plea agreements to meaningful consideration for parole, separation of powers, and OAPA's failure to promulgate its parole guidelines in accordance with the Administrative Procedures Act. However, Ankrom did not involve any substantive due process claim arising out of OAPA's consideration of inmates for parole, such as appellant asserts herein.
 {¶ 11} A declaratory judgment action is a civil proceeding that provides a remedy in addition to other available legal and equitable remedies. Walker v. Ghee (Jan. 28, 2002), Franklin App. No. 01AP-960, citing Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Aust at 681. The only reasons for dismissing a complaint for declaratory judgment before addressing the merits of the case are: (1) no justiciable issue or actual controversy exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. Wilburn v. Ohio Dept. of Rehab. Corr.
(Nov. 27, 2001), Franklin App. No. 01AP-198. For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. Id.
 {¶ 12} OAPA argues that declaratory judgment is not the appropriate remedy to challenge its application of the parole guidelines to appellant's parole decision. Declaratory judgment provides a remedy to determine the construction or validity of a constitutional provision, statute, rule, deed, will or written agreement. See R.C. 2721.03. Appellant does not claim that OAPA's actions constitute a breach of his contractual plea agreement; in fact, appellant admits that OAPA assigned him the correct offense category at his Layne review. Appellant simply disagrees with OAPA's application of the parole guidelines, which resulted in the continuance of his next parole hearing until May 2013. As the trial court correctly held, because the parole guidelines are not constitutional provisions or statutes and have not been adopted as rules, the parole guidelines are not subject to the declaratory judgment statute. Wise v. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11,14; Woodson v. Ohio Adult Parole Auth., Franklin App. No. 02AP-393, 2002-Ohio-6630, at ¶ 4; Nobles; Poluka.
 {¶ 13} Although the parole guidelines themselves are not subject to the declaratory judgment statute, this court's analysis does not end here. Ohio courts recognize that declaratory judgment is the proper remedy to determine the constitutionality and the constitutional application of the parole guidelines. Hattie v. Anderson (1994),68 Ohio St.3d 232, 235. In his complaint, appellant makes the conclusory allegation that OAPA's 117-month continuance of his next parole hearing at his Layne review, which moved his next scheduled hearing from March 2010 to May 2013, violated his substantive due process rights.[1] Upon review, we find that appellant's complaint contains no factual allegations that give rise to a due process claim.
 {¶ 14} Appellant has no inherent or constitutional right to release on parole before the expiration of his valid sentence. State ex rel. Millerv. Leonard (2000), 88 Ohio St.3d 46, 47, certiorari denied, 530 U.S. 1223, citing Greenholtz v. Inmates of Nebraska Penal Correctional Complex
(1979), 442 U.S. 1, 7. OAPA has wide-ranging discretion in parole matters. Layne at ¶ 28. Because the decision to grant or deny parole is discretionary with OAPA, OAPA's denial of parole does not deprive an inmate of any protected liberty interest upon which he can base a due process claim. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,125-126; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989),45 Ohio St.3d 355.
 {¶ 15} Just as OAPA's denial of parole deprives an inmate of no protected liberty interest, OAPA's continuance of appellant's next parole hearing deprived appellant of no protected liberty interest. Because an Ohio inmate has no constitutional or statutory right to parole, he similarly has no right to earlier consideration for parole. State exrel. Vaughn v. Ohio Adult Parole Auth. (1999), 85 Ohio St.3d 378, 379. R.C. 2967.03 does not require OAPA to provide an inmate a parole hearing. Instead, the decision whether to hold a parole hearing is within OAPA's discretion. Dozier v. Ohio Adult Parole Auth. (Mar. 30, 2000), Franklin App. No. 99AP-893, citing State ex rel. Thompson v. Clark
(1982), 7 Ohio App.3d 191. With appellant having no right to earlier consideration for parole, and the decision whether to grant a parole hearing within OAPA's discretion, appellant can claim no due process rights with respect to the continuance of his next parole hearing.
 {¶ 16} The fact that OAPA previously informed appellant that his next parole hearing would be held in March 2010 does not create a liberty interest upon which appellant can base a due process claim. Even when OAPA has informed an inmate of its decision to grant parole, the inmate has no protected liberty interest in parole before his actual release. See State ex rel. Smith v. Ohio Adult Parole Auth., Franklin App. No. 03AP-956, 2004-Ohio-5065, at ¶ 5. In Smith, this court held that OAPA's revocation of its decision to conditionally release an inmate on parole prior to release was within OAPA's absolute discretion. Id. Likewise, OAPA's continuance of appellant's next parole hearing was within OAPA's discretion and did not deprive appellant of a protected liberty interest.
 {¶ 17} Appellant's complaint does not state a claim that OAPA denied him parole or continued his next parole hearing for a constitutionally impermissible reason. Thus, appellant's complaint does not present a justiciable issue between appellant and OAPA for which declaratory relief is available. Accordingly, the trial court did not err in dismissing appellant's complaint.
 {¶ 18} Based on the foregoing, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and McGrath, JJ., concur.
[1] In Ankrom, this court addressed OAPA's policy of continuing parole hearings for up to ten years, pursuant to Ohio Adm. Code 5120:1-1-10(B)(2), in the context of a statutory right to meaningful consideration for parole. The trial court in Ankrom held that OAPA's continuance of an inmate's next parole hearing for more than five years denies the inmate meaningful consideration for parole. This court found that genuine issues of material fact remained as to whether OAPA's exercise of its authority to continue hearings up to ten years denies meaningful consideration for parole. Therefore, we remanded the matter to the trial court for further proceedings. Nevertheless, Ankrom addressed no due process or other constitutional challenge to OAPA's practice of continuing parole hearings up to ten years.