[Cite as *Parker v. Mausser*, 2018-Ohio-4296.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donell Parker, | : | |
| Plaintiff-Appellant, | : | No. 18AP-137 |
| v. | : | (C.P.C. No. 17CV-9268) |
| Cynthia Mausser et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

# D E C I S I O N

## Rendered on October 23, 2018

**On brief:** *Donell Parker*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *George Horvath*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Donell Parker, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for failure to state a claim on which relief can be granted. For the reasons that follow, we affirm.

{¶ 2} On October 17, 2017, appellant filed a complaint for declaratory judgment in the Franklin County Court of Common Pleas against Cynthia Mausser, in her capacity as the chairperson of the Ohio Adult Parole Authority ("APA"), and Melissa Adams, in her capacity as the chief of records of the Bureau of Sentence Computation ("BOSC"). Appellant is an inmate at the Richland Correctional Institution pursuant to a commitment from the Cuyahoga County Court of Common Pleas. The following facts regarding appellant's underlying criminal convictions are pertinent to the present appeal.

{¶ 3}   Appellant was indicted on April 16, 1996 in the Cuyahoga County Court of Common Pleas on the following counts: Count 1, aggravated murder by prior calculation and design with felony murder and firearm specifications; Count 2, aggravated murder in connection with aggravated robbery with felony murder and firearm specifications; and Count 3, aggravated robbery with a firearm specification.  The case proceeded to a jury trial.  Prior to submission of the case to the jury, the state "dismissed the charge of aggravated murder by prior calculation and design and proceeded to the remaining two counts." *State v. Parker*, 8th Dist. No. 71474 (Apr. 9, 1998).  The jury found appellant guilty of "aggravated murder with firearm specifications * * * as charged in count one and aggravated robbery with firearm specifications * * * as charged in count two."  (Oct. 17, 2017 Compl., Ex. B.) "At the subsequent sentencing hearing, defendant made an unsworn statement in which he denied committing the offenses."  *Id.*[1]  On September 24, 1996, "the trial court sentenced [appellant] to a term of incarceration of thirty years to life, for aggravated murder, plus three years for the firearm specification and sentenced him to a consecutive term of ten to twenty-five years, for aggravated robbery plus three years for the firearm specification of that count." *Id.*  Appellant appealed the matter to the Eighth District Court of Appeals.  *See Parker*.

{¶ 4}   On September 25, 1997, the Eighth District Court of Appeals issued a journal entry noting that although appellant was indicted on three counts, the lower court's sentencing entry disposed of only two counts, aggravated murder and aggravated robbery.  The court remanded the case to the lower court for entry of judgment as to all counts of the indictment.  Two nunc pro tunc entries from the sentencing court followed.

{¶ 5}   On January 2, 1998, the Cuyahoga County Court of Common Pleas issued the following nunc pro tunc entry, which was filed on January 22, 1998, to correct the original sentencing entry in the case:

> STATE DISMISSES COUNT 2. COUNTS RENUMBERED PRIOR TO SUBMISSION TO JURY COUNT 3 IS RENUMBERED TO COUNT 2. IT IS SO ORDERED.

(Compl., Ex. D.)

---

[1] Appellant did not file a copy of the sentencing transcript in the present matter.

{¶ 6} On March 16, 1998, the Cuyahoga County Court of Common Pleas issued the following nunc pro tunc entry to correct the previous nunc pro tunc entry:

> AMENDED JOURNAL ENTRY (NUNC PRO TUNC FOR JANUARY 2, 1998 ENTRY). STATE DISMISSES COUNT ONE. COUNTS RE-NUMBERED PRIOR TO SUBMISSION TO THE JURY. COUNT TWO IS RE-NUMBERED TO COUNT ONE, COUNT THREE IS RE-NUMBERED TO COUNT TWO.
>
> IT IS SO ORDERED.

(Compl., Ex. E.)

{¶ 7} On July 24, 2017, appellant wrote a letter to the APA requesting a parole hearing, noting his belief that the combined effect of the January 22 and March 16, 1998 entries was to dismiss both counts of aggravated murder. The APA forwarded appellant's request for review of his first parole hearing date to the BOSC. The BOSC confirmed that appellant's first parole hearing date was scheduled for August 15, 2036. The BOSC explained that appellant was serving a prison sentence of 30 years to life for aggravated murder, consecutive to 10-to-25 years for aggravated robbery plus a 3-year firearm specification.

{¶ 8} Through his complaint in the Franklin County Court of Common Pleas, appellant sought a declaratory judgment stating the following: (1) that the effect of the January 22 and March 16, 1998 entries was to dismiss both counts of aggravated murder; (2) that appellant was serving a single sentence for aggravated robbery; and (3) that appellant was eligible for parole under former R.C. 2967.13(A) as he had served the minimum portion of his sentence.

{¶ 9} On November 17, 2017, Mausser filed a motion to dismiss the action pursuant to Civ.R. 12(B)(1) and (6). In the motion, Mausser noted that Adams had not been properly served in the action and that appellant had wrongly identified Mausser as the chairperson of the APA. Mausser explained that defendant-appellee Andre Imbrogno was the current chairperson of the APA.

{¶ 10} On December 8, 2017, appellant filed a motion for default judgment against Adams asserting that Adams had failed to plead or otherwise defend.

{¶ 11} On December 12, 2017, the trial court issued an entry substituting Imbrogno as the proper party defendant in place of Mausser and finding Mausser's motion to dismiss moot. In the entry, the court provided appellant with notice of the court's intent to dismiss the case pursuant to Civ.R. 12(B)(6).

{¶ 12} On December 28, 2017, appellant filed a memorandum opposing the court's intended dismissal of the action and a Civ.R. 56 motion for summary judgment against Adams.

{¶ 13} On February 1, 2018, the trial court issued an order dismissing the case for failure to state a claim. The court concluded the complaint failed to allege a genuine dispute between the parties, as appellant was "not entitled to the declarations he seeks as a matter of law." (Feb. 1, 2018 Decision at 4.) The court observed that the criminal court had "exercised its inherent authority to issue the March 16, 1998 nunc pro tunc entry correcting the record to speak the truth regarding the outcome of [appellant's] trial." (Decision at 5.)

{¶ 14} Appellant appeals, assigning the following errors for our review:

> [1.] THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN DEFENDANT ADAMS ADMITTED THERE WERE NO GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE.
>
> [2.] THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
>
> [3.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON THE BASIS THAT PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
>
> [4.] THE CLERK FOR FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT ASSESSED COURT COST AGAINST PARKER ALTHOUGH THE TRIAL COURT WAIVED ALL COST IN THE FEBRUARY 1, 2018 ORDER.

{¶ 15} As we find it dispositive of the first and third assignments of error, we address appellant's second assignment of error first. Appellant's second assignment of error asserts

the trial court erred in dismissing his complaint for declaratory judgment pursuant to Civ.R. 12(B)(6).

{¶ 16} A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8, citing *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000). *See* R.C. 2721.02. The essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. *Aust* at 681.

{¶ 17} The only reasons for dismissing a complaint for declaratory judgment before addressing the merits of the case are: (1) no justiciable issue or actual controversy exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1372, 2005-Ohio-3622, ¶ 11, citing *Wilburn v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-198 (Nov. 27, 2001). For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. *Festi* at ¶ 11.

{¶ 18} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In order for a court to dismiss a case, pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. The court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Bridges v. Natl. Eng. & Contracting Co.*, 49 Ohio St.3d 108, 112 (1990). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A court may dismiss a complaint on its own motion, pursuant to Civ.R. 12(B)(6), "only after the parties are given notice of the court's intention to dismiss and an opportunity to

respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995).

{¶ 19} Based on his interpretation of the January 22 and March 16, 1998 entries, appellant asserts he is currently eligible for his first parole hearing and that, as such, his complaint set forth a justiciable issue and actual controversy. Appellant contends the January 22, 1998 nunc pro tunc entry dismissed Count 2 of the indictment, aggravated murder, and that the March 16, 1998 nunc pro tunc entry dismissed Count 1 of the indictment, aggravated murder. Thus, appellant asserts that the entries effectively "dismissed both Aggravated Murder charges." (Appellant's Brief at 15.) We disagree.

{¶ 20} Courts possess inherent authority to issue nunc pro tunc entries "to correct errors in judgment entries so that the record speaks the truth." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-64 (1995). "However, *nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." (Emphasis sic.) *Id.* at 164, citing *Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 256 (1926). Errors subject to correction by nunc pro tunc entry "include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15; *Fogle* at 164. Because nunc pro tunc entries are limited to reflecting what the court actually decided, a court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence. *Miller* at syllabus.

{¶ 21} " 'Nunc pro tunc' means 'now for then' and is commonly defined as '[h]aving retroactive legal effect through a court's inherent power.' " *Lester* at ¶ 19, quoting *Black's Law Dictionary* 1174 (9th Ed.2009). "[A] nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects." *Id.* Indeed, "because nunc pro tunc entries correct clerical rather than substantive errors," nunc pro tunc entries "relate back to the date of the original entry and do not extend the time for an appeal." *Daniels-Rodgers v. Rodgers*, 10th Dist. No. 15AP-202, 2015-Ohio-1974, ¶ 12, citing *State ex rel. Womack v. March*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 15. *Accord State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 31 (noting that a nunc pro tunc entry "does not create a new final, appealable order"); *State v. Drake*, 8th Dist. No. 106551, 2018-Ohio-3592, ¶ 5 (observing

that "[i]t is well settled that a nunc pro tunc order does not affect substantive rights, and is not a new final order for purposes of appeal").

{¶ 22} Viewing the allegations of the complaint in a light most favorable to appellant, they fail to establish any genuine dispute between the parties. The September 24, 1996 sentencing entry accurately sets forth the jury's verdicts finding appellant guilty on Count 1, aggravated murder, and Count 2, aggravated robbery. The sentencing court failed to note in this sentencing entry that Count 1 of the indictment, aggravated murder by prior calculation and design, was dismissed prior to submission of the case to the jury and the remaining charges renumbered to Counts 1 and 2. This omission was a clerical error subject to correction by a nunc pro tunc entry. The January 22, 1998 nunc pro tunc entry mistakenly stated that Count 2, rather than Count 1, of the indictment had been dismissed. Accordingly, the March 16, 1998 nunc pro tunc entry amended the January 22, 1998 entry, correcting the record to state the truth that Count 1 of the indictment had been dismissed, the aggravated murder charge in Count 2 was renumbered to Count 1, and the aggravated robbery charge in Count 3 was renumbered to Count 2 prior to submission of the case to the jury.

{¶ 23} The sentencing court exercised its inherent authority to correct the clerical error in the original sentencing entry, to make the record reflect what had actually happened in the case. The January 22 and March 16, 1998 entries did not work together to dismiss both aggravated murder counts as appellant contends; rather, the latter entry corrected the error in the former entry. Moreover, as previously stated, as it is the function of nunc pro tunc entries to correct clerical, rather than substantive, errors, a nunc pro tunc entry fundamentally could not dismiss appellant's conviction for aggravated murder. *See Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir.1998) (noting that the appellant could not "expect to benefit" from the nunc pro tunc entry, "especially when there [was] no valid reason why appellant should think that two rape convictions would carry no sentence").

{¶ 24} Because the January 22 and March 16, 1998 entries were an effort by the sentencing court to correctly reflect the sentence imposed after verdict and did not have the effect of dismissing appellant's aggravated murder conviction, appellant failed to demonstrate that he had any legal right to the relief he sought in the declaratory judgment action. Thus, no genuine dispute existed between the parties, and appellant's complaint

failed to state a claim for relief. The trial court properly dismissed the action pursuant to Civ.R. 12(B)(6).

{¶ 25} Based on the foregoing, appellant's second assignment of error is overruled.

{¶ 26} Appellant's first and third assignments of error assert the trial court erred in denying his motions for summary judgment and default judgment. When the trial court dismissed appellant's complaint for failure to state a claim, appellant's other pending motions became moot. *Wright v. Ghee*, 10th Dist. 01AP-1459, 2002-Ohio-5487, ¶ 53 (holding that "[o]nce a case is dismissed because the complaint does not state a claim for relief, any other pending motions necessarily become moot"). Accordingly, our ruling on appellant's second assignment of error renders appellant's first and third assignments of error moot. *See* App.R. 12(A)(1)(c).

{¶ 27} Appellant's fourth assignment of error asserts the clerk of the common pleas court erred in assessing costs against him. In its order dismissing the action, the trial court held that "[n]o costs shall be assessed due to Plaintiff's indigent status." (Decision at 5.)[2] Accordingly, we find no error by the trial court. To the extent appellant seeks to have this court issue an order enjoining the Franklin County Clerk of Courts or otherwise holding that the Franklin County Clerk of Courts erred, we would be without jurisdiction to issue such an order in the context of this appeal. *See Billiter v. Banks*, 10th Dist. No. 13AP-759, 2014-Ohio-1492, ¶ 21, citing Article IV, Section 3(B)(2), Ohio Constitution. Appellant's fourth assignment of error is overruled.

{¶ 28} Having overruled appellant's second and fourth assignments of error and rendering appellant's first and third assignments of error moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

———————————

---

[2] Our review of the record demonstrates that no costs have been assessed against appellant.