[Cite as *Sudberry v. Dept. of Rehab. & Corr.*, 2018-Ohio-5104.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James Sudberry, :

     Plaintiff-Appellant, :

                                                   No. 18AP-155

v. : (Ct. of Cl. No. 2017-780)

Ohio Department of Rehabilitation and : (REGULAR CALENDAR)
Correction,

                                  :

     Defendant-Appellee. :

                                    :

D E C I S I O N

Rendered on December 18, 2018

**On brief:** *Michael DeWine*, Attorney General, and *Howard H. Harcha, IV*, for appellant.

**On brief:** *James Sudberry*, pro se.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, James Sudberry, appeals from a judgment of the Court of Claims of Ohio dismissing his complaint pursuant to Civ.R. 12(B)(1) and (6). For the following reasons, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant is an inmate in the custody and control of defendant-appellee, Ohio Department of Rehabilitation and Correction. On September 21, 2017, appellant filed a complaint against appellee. Appellant's handwritten complaint appears to seek damages for alleged violations of prison policies, harassment by correction officers, and claims

related to the conditions of his confinement.  In response to the complaint, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

{¶ 3}  The trial court granted appellee's motion.  The trial court found that appellant's allegations either (1) failed to state a claim for which relief could be granted; or (2) asserted causes of action over which the trial court lacked jurisdiction.

{¶ 4}  Appellant has appealed the trial court's judgment.  However, appellant has not set forth any specific assignments of error.  Despite this deficiency, and in the interest of justice, we extract from appellant's brief the following assignment of error:

The trial court erred in dismissing appellant's complaint.

## LEGAL ANALYSIS

{¶ 5}  Appellant's brief is handwritten and very difficult to decipher.  It is a rambling and disjointed summary of a number of grievances appellant has with appellee.  None of appellant's arguments, to the extent we are able to understand them, address why the trial court's dismissal of his claims was in error.  Appellant's arguments do not address any of the grounds for the trial court's decision.  Nor do we find any error in the trial court's analysis.

{¶ 6}  The standard for assessing a dismissal pursuant to Civ.R. 12(B)(1) (lack of subject-matter jurisdiction) is whether any cause of action cognizable by the forum has been raised in the complaint.  *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989).  An appellate court reviews an appeal of a dismissal for lack of subject-matter jurisdiction under a de novo standard of review.  *Modern Office Methods, Inc. v. Ohio State Univ.*, 10th Dist. No. 11AP-1012, 2012-Ohio-3587, ¶ 8.

{¶ 7}  Dismissal of a claim pursuant to Civ.R. 12(B)(6) (failure to state a claim) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143 (1991).  Therefore, such a motion tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  In order for a court to dismiss a complaint for failure to state a claim pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975).  The court must presume all factual allegations in the complaint are true and

construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. *Bridges v. Natl. Engineering & Contracting Co.*, 49 Ohio St.3d 108, 112 (1990). Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. *Parker v. Mausser*, 10th Dist. No. 18AP-137, 2018-Ohio-4296, ¶ 18.

{¶ 8} To the extent that appellant's complaint alleges violations of appellee's internal rules or policies, such allegations fail to state a claim by themselves. *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10. Nor does his allegation of "inappropriate supervision" of prison staff grant appellant an independent cause of action for harassment. *Peters v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10.

{¶ 9} To the extent that appellant's claims challenge the conditions of his confinement, such claims are treated as claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994). A cause of action under 42 U.S.C. 1983 may not be brought against the state. *Hanna v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-374, 2009-Ohio-5094, ¶ 6 (state of Ohio is not a person within the meaning of 42 U.S.C. 1983).

{¶ 10} Simply stated, appellant has not demonstrated any error in the trial court's decision. Nor do we find any error. Therefore, we overrule appellant's assignment of error, and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

————————