OPINION
{¶ 1} James R. Eubank, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court granted the motion for summary judgment filed by the Ohio Adult Parole Authority ("APA"), defendant-appellee.
 {¶ 2} According to appellant's complaint for declaratory judgment, on July 19, 1985, appellant was convicted of two counts of involuntary manslaughter, one count of aggravated arson, and one count of arson, stemming from his role in setting a home on fire, which resulted in the death of two people. He was sentenced to 10 to 25 years imprisonment on each count, for an aggregate indeterminate sentence of 30 to 75 years and parole eligibility after seven years. In August 1991, appellant had his first parole hearing before the APA's Ohio Parole Board ("parole board") and was continued four years. In 1995, appellant had another parole hearing and was continued another five years. In June 2000, appellant had another parole hearing and was continued ten years.
 {¶ 3} In November 2003, the parole board rescinded appellant's ten-year continuance and, subsequently, held a rehearing on January 14, 2004. After the 2004 hearing, the parole board placed appellant in Category 11 and assigned a Risk Score of 2 pursuant to the APA's parole guidelines, resulting in a guidelines range of 210 to 270 months. As of this 2004 hearing, appellant had served 228 months of his sentence. The sentence was continued an additional 77 months, after which appellant would have served a total of 305 months. The parole board based its continuation in part upon the multiple victims of appellant's crime and criminal conduct for which he was not convicted.
 {¶ 4} On March 3, 2004, appellant filed a complaint for declaratory judgment, claiming the APA had placed him in the wrong parole guideline range. On September 20, 2004, appellant filed a motion for summary judgment. In October 2004, the APA filed a response and cross-motion for summary judgment. The trial court granted the APA's motion for summary judgment on February 16, 2005, and issued its judgment on March 14, 2005. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
I. THE TRIAL COURT ERRED TO THE [DETRIMENT] OF THE APPELLANT IN DENYING SUMMARY JUDGMENT IN DETERMINING APPELLANT WAS IN HIS PROPER GUIDELINE CATEGORY IN ACCORDANCE WITH THE DICTATES OF LAYNE [V. OHIO ADULT PAROLEAUTH., 97 OHIO ST.3D 456, 2002-OHIO-6719].
II. THE TRIAL COURT ERRED TO THE [DETRIMENT] OF THE APPELLANT IN DETERMINING THAT THE OAPA STILL RETAINS DISCRETION TO CONSIDER ANY CIRCUMSTANCES [RELATING] TO THE OFFENSE.
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred in denying his summary judgment motion, granting the APA's summary judgment motion, and determining that the parole board placed him in the proper guideline category. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 6} In determining whether a party is entitled to declaratory relief, it must be demonstrated that: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) the situation requires speedy relief to preserve the rights of the parties. Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97; see, also, Buckeye Quality Care Centers, Inc. v.Fletcher (1988), 48 Ohio App.3d 150, 154. In other words, it must be demonstrated that there is a controversy "between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Peltz v. South Euclid (1967),11 Ohio St.2d 128, 131.
 {¶ 7} The crux of appellant's argument is that the Ohio Supreme Court's decision in Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719, and this court's decision in Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546, require that he be placed in a guidelines category that has a minimum range that does not exceed the length of time he served before becoming statutorily eligible for parole. Appellant points out he was statutorily eligible for parole after seven years, but the guidelines range for a Category 11 inmate with a Risk Score of 2 is 210 to 270 months (17.5 years to 22.5 years). Appellant asserts that, because he was statutorily eligible for parole after seven years, at his 2004 parole hearing, the parole board should have placed him in the category that corresponds with this eligibility, or Category 8, Risk Score 2, which has a guidelines range of 84 to 108 months (seven to nine years). We disagree.
 {¶ 8} Neither Layne nor Ankrom stands for the proposition appellant urges. In Layne, the Ohio Supreme Court found that "meaningful consideration" for parole is denied when an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category score that does not correspond to the offense or offenses of conviction set forth in the plea agreement. Id. at ¶ 27. In the present case, there can be no dispute that the parole board placed appellant in the correct category consistent withLayne. At the 2004 hearing, the parole board placed appellant in Category 11, which corresponds with appellant's conviction for two counts of involuntary manslaughter, one count of aggravated arson, and one count of arson. Therefore, appellant's parole hearing, in this respect, did not violate Layne.
 {¶ 9} With regard to Ankrom, in that case, this court held that, in addition to the circumstances outlined in Layne, inmates are denied "meaningful consideration" for parole under two other circumstances. One circumstance under which we found an inmate is denied meaningful consideration is when the inmate is assigned an offense category under the guidelines that nominally corresponds to the inmate's offense of conviction but which is "elevated" based upon the parole board's independent determination that the inmate committed a distinct offense for which he was not convicted. Id. at ¶ 21. Here, appellant does not argue that he was placed in an "elevated" category based upon any offenses for which he was not convicted. Therefore, the parole board's actions were consistent with Ankrom in this respect.
 {¶ 10} The second circumstance under which we found an inmate is denied meaningful parole consideration is when the inmate is placed within the proper guidelines category pursuant to the offense of conviction, but the lowest possible range on the guidelines chart for that category is beyond the inmate's earliest statutory parole eligibility date. Id. at ¶ 15. In the present case, appellant's general circumstances seem to fit within the circumstances outlined in Ankrom.
However, according to appellant's complaint, appellant's initial date of statutory parole eligibility passed 14 years ago in 1991. Had the current guideline system been in place at that time, and had this court decidedAnkrom at that time, appellant may have been entitled to some relief, via the proper procedural vehicle, consistent with the dictates set forth inAnkrom. However, at the time of appellant's last parole hearing in 2004, appellant had already served 228 months, which was within the guidelines range he was placed in, 210 to 270 months. As of that time, appellant was beyond the period for which the tenet discussed in Layne could provide him any relief. Unlike the circumstances described in Ankrom, appellant was afforded "meaningful consideration" at his 2004 hearing because he had a real possibility for parole. Because he had already surpassed the minimum guideline range, it could not be said that the parole board was denying him parole merely because he had not yet reached the minimum guideline range, which is the fact we found negated "meaningful consideration" in Ankrom. Having had meaningful consideration for parole and having been denied parole, appellant is simply outside the situation we discussed in Ankrom.
 {¶ 11} In addition, even if appellant's circumstances were within those we outlined in Ankrom, Ankrom does not require the relief appellant seeks. Appellant claims that, because he was statutorily eligible for parole after seven years, he should have been placed in the category that corresponds with this eligibility, or Category 8, Risk Score 2, which has a guidelines range of 84 to 108 months (seven to nine years). In Ankrom,
we did not suggest what actions the APA should take to remedy the deficiencies caused by the current system, and there is no evidence before this court as to how the APA intends to put the findings inAnkrom into effect. For these reasons, we find there remain no genuine issues of material fact. Reasonable minds can come only to the conclusion that the parole board placed appellant in the correct guidelines category at the 2004 hearing. Therefore, appellant's first assignment of error is overruled.
 {¶ 12} Appellant argues in his second assignment of error that the trial court erred in finding that the APA could consider any circumstances in making his parole determination. Specifically, appellant maintains that the United States Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, prohibits the parole board from prolonging an inmate's time between the minimum and maximum sentence based upon offenses for which the inmate was not convicted or to which the inmate did not plead guilty. In Blakely, the Supreme Court reiterated its holding in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, at 2536, citing Apprendi, at 490. "Statutory maximum," for purposes of Apprendi, was defined as the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Blakely at 2537.
 {¶ 13} Blakely does not apply to the present circumstances. Blakely
related only to a trial court's initial sentencing of a defendant and not to parole determinations. Further, even if the concepts in Blakely
applied to the present case, Blakely prohibited the use of facts not found by a jury to increase a penalty beyond the maximum sentence. In the present case, appellant's parole has not been extended beyond the maximum sentence imposed by the trial court. The parole board did use factors outside of the crimes for which appellant was convicted to make its parole determination; however, as we reiterated in Ankrom, when considering an inmate for parole, the APA retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors it deems relevant. Id. at ¶ 21, citing Layne, at ¶ 28. For these reasons, we find there are no genuine issues of material fact, and reasonable minds could only conclude the parole board's determination did not violate Blakely. Therefore, appellant's second assignment of error is overruled.
 {¶ 14} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and McGrath, JJ., concur.