OPINION
{¶ 1} Plaintiff-appellant, Vincent P. Ritchie, appeals from the judgment of the Franklin County Court of Common Pleas that granted defendant-appellee, Ohio Adult Parole Authority, a Civ.R. 12(B)(6) motion to dismiss appellant's complaint and that denied appellant's Civ.R. 56(C) motion for summary judgment.
 {¶ 2} Appellant is an inmate serving an indeterminate sentence under criminal sentencing laws that existed before Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, ("S.B. 2"), effective July 1, 1996, made comprehensive changes to Ohio felony sentencing. On March 25, 2005, appellant filed a complaint that alleged the following. In 1994, pursuant to indictment, appellant was charged with two counts of felonious sexual penetration and four counts of gross sexual imposition. On August 10, 1995, a jury found appellant guilty on all charges. Thus, on August 10, 1995, the trial court sentenced appellant to concurrent prison terms that amounted to 13 to 25 years imprisonment.
 {¶ 3} Appellant further alleged the following. Appellee is responsible for determining release dates for pre-S.B. 2 inmates, like appellant, sentenced to indeterminate sentences. According to appellant's complaint, pre-S.B. 2 statutes required that appellee initially provide appellant meaningful consideration for parole upon serving 109 months imprisonment. After factoring in good-time credit to appellant, and in accordance with its practice of meeting with inmates two months before the inmate's parole eligibility date, appellee initially met with appellant in March 2004, after appellant served 103 months imprisonment.
 {¶ 4} At the March 2004 parole hearing, appellee utilized parole guidelines that it adopted in 1998, and revised in 2000. Under the guidelines, appellee would assign a pre-S.B. 2 inmate an offense category based on the seriousness of the inmate's underlying offense and a risk score based on the inmate's risk of recidivism. Appellee would then apply the offense category and risk score to guidelines that determine a range of months for the inmate to serve.
 {¶ 5} At appellant's March 2004 hearing, appellee assigned appellant an offense category of 10 and a risk score of 3. Such factors equate to an incarceration range of 150 to 210 months under appellee's guidelines. Appellee then recommended that appellant serve 222 months from initial incarceration. However, appellee credited appellant with 12 months of "Outstanding Program Achievement" and, thus, appellee concluded that appellant should actually serve 210 months from initial incarceration before the next scheduled parole hearing.
 {¶ 6} Appellant conceded in the complaint that appellee placed him in the correct offense category. However, appellant maintained that appellee denied appellant meaningful consideration for parole at the March 2004 hearing. According to appellant, "[appellee's practice] of placing [appellant] into an offense category and risk score" at the March 2004 hearing "was only a paper formality" that actually mandated that appellant serve in prison "the entire required Guideline range * * * before true eligibility is afforded[.]" Similarly, appellant claimed that, despite holding the March 2004 hearing, appellee did nothing more than provide appellant:
* * * [A]n unreasonable length of time (107 months) after becoming eligible for parole. An injustice occurred to [appellant] whose first chance at parole will come 8 years and 11 months after eligibility due to the operation of the Guideline Chart, denying the essence of True Parole Eligibility i.e. Meaningful Consideration for Parole.
Appellant alleged that appellee violated the Ohio constitutional separation of powers doctrine through its application of its parole guidelines.
 {¶ 7} Therefore, in pertinent part, appellant sought a declaratory judgment that appellee violated state constitutional laws when it applied its parole guidelines to appellant. Appellant also sought a declaratory judgment explaining how pre-S.B. 2 statutes on parole eligibility affect meaningful parole consideration.
 {¶ 8} Appellee filed a Civ.R.12(B)(6) motion to dismiss appellant's complaint, and appellant filed a Civ.R. 56(C) motion for summary judgment. In the motion for summary judgment, appellant attached a copy of appellee's decision to deny appellant parole at the March 2004 hearing. In the decision, appellee recognized that, through its guidelines, appellant's sentencing range was 150 to 210 months imprisonment. Appellee then explained that:
[Appellant] has served 103 months thus far. He has a prior conviction and prison term (served 2 years) for Manslaughter and Domestic Violence. The current offense occurred over a duration of approximately 8-9 years; starting when the victim was age 5. The Manslaughter conviction related to he and his wife killing their 2½ year old son and dumping his body in a woods. Panel recommends 222 months with some [Outstanding Program Achievement].
 {¶ 9} In addition, appellant attached to the summary judgment motion a copy of the common pleas court's decision in Ankrom v.Hageman, Franklin C.P. No. 01CVH02-1563. The court's decision inAnkrom pertained to a certified class composed of pre-S.B. 2 inmates who had pled guilty or no contest to lesser or fewer offenses than those for which they were indicted. In the decision, the trial court concluded that appellee denies an inmate meaningful parole consideration when it assigns an inmate "a guideline range which has a minimum term that exceeds the length of time a class member must serve before becoming eligible for parole under" pre-S.B. 2 statutes. The trial court then ordered appellee to "immediately re-hear and grant meaningful consideration for parole to" affected class members. The trial court also concluded that new hearings must be granted to any class member who had no hearing since September 5, 2003.
 {¶ 10} Similarly, appellant attached to the summary judgment motion a copy of this court's decision in Ankrom v. Hageman,
Franklin App. No. 04AP-984, 2005-Ohio-1546, wherein we reviewed the above-noted decision from the trial court. As noted below, we affirmed that, "under some circumstances, there could be no `meaningful' consideration for parole when" appellee assigns an inmate to an offense category and risk score under its guidelines that corresponds with a minimum range that exceeds the inmate's earliest statutory parole eligibility date under pre-S.B. 2 statutes. Ankrom at ¶ 16.
 {¶ 11} The trial court granted appellee's Civ.R. 12(B)(6) motion to dismiss and denied appellant's Civ.R. 56(C) motion for summary judgment. The trial court concluded that appellee afforded appellant the requisite meaningful consideration for parole because:
* * * In Ankrom, the appellate court upheld the lower tribunal's finding that if an inmate had a hearing after September 5, 2003, the inmate received "meaningful consideration." [Appellant] was afforded a parole hearing in March 2004 * * *.
 {¶ 12} Appellant appeals, raising two assignments of error:
[I.] THE TRIAL COURT ERRED IN HOLDING THAT DECLARATORY JUDGMENT IS NOT [AN] APPROPRIATE REMEDY ABSENT A CLAIM OF BREACH OF CONTRACT.
[II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT THIS COURT UPHELD THE ANKROM DECISION OF THE LOWER COURT HOLDING THAT AN INMATE WHO RECEIVED A HEARING AFTER SEPTEMBER 5, 2003 RECEIVED A MEANINGFUL HEARING AS GROUNDS TO FIND APPELLANT FAILED TO STATE A CLAIM.
 {¶ 13} In his first assignment of error, appellant argues that the trial court erroneously granted appellee's Civ.R. 12(B)(6) motion to dismiss and erroneously denied appellant's Civ.R. 56(C) motion for summary judgment because the trial court improperly concluded that an action for a declaratory judgment was not the proper vehicle for relief against appellee. However, the trial court made no such conclusions. Rather, the trial court reviewed appellant's declaratory judgment action upon recognizing that a declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines, as the Ohio Supreme Court held in Hattie v.Anderson (1994), 68 Ohio St.3d 232, 235. Therefore, we overrule appellant's first assignment of error.
 {¶ 14} In his second assignment of error, appellant challenges the trial court's decision to grant appellee's Civ.R. 12(B)(6) motion to dismiss and to deny appellant's Civ.R. 56(C) motion for summary judgment upon concluding that appellee provided appellant a meaningful consideration for parole during the March 2004 hearing. Again, appellant sought relief through a declaratory judgment action, and the essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties.Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681;Festi v. Ohio Adult Parole Auth., Franklin App. No. 04AP-1372,2005-Ohio-3622, at ¶ 11.
 {¶ 15} As to appellant's Civ.R. 56(C) motion for summary judgment, we note that summary judgment is proper if: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and, after viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Mayes v.Holman (1996), 76 Ohio St.3d 147, 148. We review de novo the trial court's decision to deny summary judgment. Deluca v.Aurora (2001), 144 Ohio App.3d 501, 508.
 {¶ 16} As to appellee's Civ.R. 12(B)(6) motion to dismiss, we recognize that such a motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of a complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. Therefore, a trial court must limit its consideration to the four corners of the complaint when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v.Adjutant General of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 18. Likewise, courts must accept as true the factual allegations of the complaint, and courts must provide the plaintiff all reasonable inferences derived from such factual allegations. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. We review de novo a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6). Martin v. Ghee (Apr. 9, 2002), Franklin App. No. 01AP-1380.
 {¶ 17} Additionally, the only reasons for dismissing a complaint for declaratory judgment before addressing the merits of the case are: (1) no justiciable issue or actual controversy exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. McConnell v. HuntSports Ent. (1999), 132 Ohio App.3d 657, 681; Wilburn v. OhioDept. of Rehab. Corr. (Nov. 27, 2001), Franklin App. No. 01AP-198; Festi at ¶ 11. A "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. Wilburn; Festi at ¶ 11.
 {¶ 18} Here, as noted above, appellant contends that appellee violated the Ohio constitutional separation of powers doctrine by denying appellant meaningful consideration for parole at the March 2004 hearing. Specifically, appellant asserts that appellee unconstitutionally applied the parole guidelines in a manner that appellant's offense category and risk score equate to a minimum prison term that exceeds the earliest statutory parole eligibility date, i.e., 109 months, under pre-S.B. 2 statutes.
 {¶ 19} Under former R.C. 2967.13(A), a pre-S.B. 2 inmate, like appellant, serving an indefinite sentence on a felony "becomes eligible for parole at the expiration of his minimum term[.]" Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 5430. Acknowledging former R.C. 2967.13(A), the Ohio Supreme Court stated:
* * * [T]he words "eligible for parole" in former R.C.2967.13(A) ought to mean something. Inherent in this statutory language is the expectation that a criminal offender will receive meaningful consideration for parole. * * *
Layne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719, at ¶ 27.
 {¶ 20} In Ankrom, we recognized, under the dictates ofLayne, that a pre-S.B. 2 inmate must be meaningfully considered for parole at the earliest statutory date of parole eligibility.Ankrom at ¶ 16. Thus, as noted above, we concluded that, "under some circumstances, there could be no `meaningful' consideration for parole when" appellee assigns an inmate to an offense category and risk score under its guidelines that corresponds with a minimum prison term that exceeds the inmate's earliest statutory parole eligibility date under R.C. 2967.13(A). Ankrom
at ¶ 16; Eubank v. Ohio Adult Parole Auth., Franklin App. No. 05AP-274, 2005-Ohio-4356, at ¶ 10. We stated that, under such a scenario, appellee's "denial of meaningful consideration as of the earliest parole eligibility date, in effect, disregard[s] the trial court's sentence." Ankrom at ¶ 34. "In doing so, [appellee] improperly [takes] on the function of the judiciary branch of the government, in violation of the doctrine of separation of powers." Id.
 {¶ 21} In Eubank, we emphasized that Ankrom precludes appellee from denying a pre-S.B. 2 inmate parole at the earliest statutory parole eligibility date "merely because he had not yet reached the minimum guideline range" under appellee's parole guidelines. Eubank at ¶ 10. Denying parole for such reasons "negate[s] `meaningful consideration' "for parole. Id.
 {¶ 22} Here, appellant indicated in his complaint that appellee provided appellant a March 2004 hearing, which was six months before his purported earliest statutory parole eligibility date under R.C. 2967.13(A). We recognize that, at the hearing, appellee utilized its guidelines to assign appellant an offense category and risk score that equated to a minimum prison term that exceeded appellant's earliest statutory parole eligibility date. However, the facts from appellant's complaint do not indicate that appellee substituted its guidelines for the statutory eligibility date and, through a "paper formality," summarily denied appellant parole on the basis that appellant had not yet reached the minimum guideline range. Rather, upon giving appellant a parole hearing, appellee ultimately concluded that appellant needed to serve additional prison time that, after final calculations, happened to equate to the maximum range on its guidelines. Likewise, in regards to appellant's Civ.R. 56(C) motion for summary judgment, we note that, in appellee's March 2004 decision, appellee explained that it denied appellant parole not because appellant had not reached the minimum sentence under appellee's parole guidelines, but because appellee indicated that further incarceration was warranted based on the details of appellant's underlying offenses, as well as appellant's prior criminal activity, warranted further incarceration.
 {¶ 23} Therefore, based on the above, we conclude that appellee provided appellant meaningful consideration for parole at the earliest statutory parole eligibility date in accordance with Layne, Ankrom, and Eubank. In this regard, we further conclude that appellant's complaint contained no factual allegations that gave rise to a separation of powers claim underAnkrom. Accordingly, based on the particular facts of this case, we conclude that appellant's complaint did not present a justiciable issue for which the trial court could properly award declaratory relief.
 {¶ 24} In so concluding, we recognize that the trial court concluded that appellee afforded appellant a meaningful consideration for parole by suggesting that our decision inAnkrom "upheld the lower tribunal's finding that if an inmate had a hearing after September 5, 2003, the inmate received `meaningful consideration.'" However, as we discussed above, our decision in Ankrom made no such "bright line rule" and did not hold that an inmate automatically receives meaningful consideration for parole by way of appellee holding a parole hearing after September 5, 2003. Nonetheless, reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the trial court's reasons are erroneous.State ex rel. McGrath v. Ohio Adult Parole Auth.,100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 8. Here, we have concluded that appellant's complaint contained no factual allegations that gave rise to appellee denying appellant meaningful consideration for parole at the March 2004 hearing. Thus, we conclude that the trial court did not err in granting appellee's Civ.R. 12(B)(6) motion to dismiss appellant's complaint and that the trial court did not err in denying appellant's Civ.R. 56(C) motion for summary judgment. Accordingly, we overrule appellant's second assignment of error.
 {¶ 25} In summary, we overrule appellant's first and second assignments of error and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and Bryant, J., concur.