OPINION
{¶ 1} Plaintiff-appellant, Terry L. Larson ("appellant"), appeals from the January 19, 2006 judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Ohio Adult Parole Authority ("appellee"), and denying summary judgment to appellant. For the following reasons, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. Appellant is an inmate in the custody of the Ohio Department of Rehabilitation and Correction at the Grafton Correctional Institution. On November 29, 1991, a jury convicted appellant of four counts of rape, one count of gross sexual imposition, and one count of kidnapping.[1] Appellant was sentenced to an indefinite term of 75 to 125 years, which carries a minimum term of 15 years. Appellant became eligible for parole in 2002.
 {¶ 3} On January 3, 2002, appellant received his first parole board hearing. Appellee assigned appellant an offense category of ten because appellant was convicted of a rape in which the victim was raped by more than one offender, and because appellant kidnapped the victim to facilitate the rape. Appellee also assigned appellant a risk score of six, based on his criminal history as well as disciplinary incidents that occurred while he was incarcerated. Based on these factors, appellee determined that appellant should serve 86 more months of his sentence, until March 2009.
 {¶ 4} Appellant filed the instant action on November 23, 2004, seeking declaratory and injunctive relief. Therein, appellant alleged that he was denied meaningful consideration for parole by the appellee in violation of Layne v. Ohio AdultParole Authority, 97 Ohio St.3d 456, 2002-Ohio-6719,780 N.E.2d 548 and Ankrom v. Hageman, 10th Dist. No. 04AP-984,2005-Ohio-1546, and that appellee violated his constitutional rights under the Ohio and United States Constitutions as well as the doctrine of separation of powers.
 {¶ 5} After appellant had filed his complaint, appellee, on March 10, 2005, held a "rescind and rehear" hearing which rescinded appellant's previous parole decision and reheard appellant's request for parole. On April 12, 2005, appellee denied appellant's request for parole and determined to continue appellant's next parole hearing until March 2009 due to "repeated assaultive offenses."
 {¶ 6} On April 29, 2005, appellant filed a motion for summary judgment. On May 11, 2005, appellee filed a response and a cross-motion for summary judgment. On December 30, 2005, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. The court filed its judgment entry on January 19, 2006.
 {¶ 7} Appellant timely appealed, and asserts the following two assignments of error:
1. The Trial Court Erred When It Determined Appellant Received Meaningful Consideration For Parole After Placement In A Guideline That Exceeded Appellant's Statutory Eligibility.
2. The Court Erred In Its Failure To Reach The Merits On Appellant's Separation Of Powers Claim Related In The Complaint And Argued During Summary Judgment.
 {¶ 8} A trial court's grant of summary judgment is reviewed de novo. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,654 N.E.2d 1327. Summary judgment is only appropriate when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C),State ex rel. Duncan v. Mentor City Council,105 Ohio St.3d 372, 374, 2005-Ohio-2163, 826 N.E.2d 832, 834, at ¶ 9.
 {¶ 9} The moving party bears the responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on the essential elements of the claims of the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. As the Supreme Court of Ohio stated:
The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to someevidence of the type listed in Civ.R. 56 which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293. (Emphasis sic.)
 {¶ 10} The essence of appellant's first assignment of error is that based on the Ohio Supreme Court's decision in Layne,
supra, and our decision in Ankrom, supra, appellee denied him meaningful consideration because his minimum parole guideline range exceeded his statutory eligibility for parole. Specifically, appellant asserts that he became statutorily eligible for parole after serving 126 months of his sentence. He contends that appellee violated his statutory and constitutional rights, as explained in Layne and Ankrom, by placing him in an offense category that resulted in his release date under the guidelines falling on a date later than the earliest date of his eligibility for parole.
 {¶ 11} As we have previously noted, "[i]n Layne, the Ohio Supreme Court found that `meaningful consideration' for parole is denied when an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category score that does not correspond to the offense or offenses of conviction set forth in the plea agreement." Eubankv. Ohio Adult Parole Authority, 10th Dist. No. 05AP-274,2005-Ohio-4356, at ¶ 8, citing Layne, supra, at ¶ 27.
 {¶ 12} In Ankrom, we outlined two circumstances in which an inmate may have been denied meaningful consideration in addition to the circumstances outlined in Layne. Eubank, supra, at ¶ 9. The first such circumstance is "when the inmate is assigned an offense category under the guidelines that nominally corresponds to the inmate's offense of conviction but which is `elevated' based upon the parole board's independent determination that the inmate committed a distinct offense for which he was not convicted." Id. The second circumstance is "when the inmate is placed within the proper guidelines category pursuant to the offense of conviction, but the lowest possible range on the guidelines chart for that category is beyond the inmate's earliest statutory parole eligibility date." Id. at ¶ 10.
 {¶ 13} We initially note that appellant was convicted by a jury, and did not enter into a plea agreement, but will nevertheless consider appellant's claim of denial of meaningful consideration under the principles applied in Layne andAnkrom. See Ritchi v. Ohio Adult Parole Authority, 10th Dist. No. 05AP-1019, 2006-Ohio-1210. Appellant was convicted of multiple counts of rape, and one count each of gross sexual imposition and kidnapping. Appellee placed appellant in an offense category of ten, which corresponds to offenses involving rape in which the victim was raped by more than one offender, and to offenses of rape in which kidnapping was used to facilitate the rape. Accordingly, we find appellee placed appellant in the correct offense category, and therefore did not deny appellant meaningful consideration for parole under the first circumstance set forth in Ankrom, supra.
 {¶ 14} Nor do we find that appellant falls within the second circumstance of Ankrom. Although appellant became statutorily eligible for parole in 2002 after serving 126 months of his sentence, appellee's placement of appellant in an offense category of ten with a risk score of six resulted in a total guideline range of 180 to 240 months. This range extended beyond appellant's earliest statutory parole eligibility date of 126 months. Appellee determined that appellant should serve at least an additional 86 months beyond his earliest statutory parole eligibility date, based on a number of factors, including disciplinary violations that occurred while appellant was incarcerated.
 {¶ 15} As we have previously held, Ankrom does not require that an inmate automatically be placed in an offense category that corresponds to the earliest possible date of parole eligibility. Eubank, supra at ¶ 11. Appellee retains broad discretion in making parole determinations.[2] Curtis v.Ohio Adult Parole Authority, 10th Dist. No. 04AP-1214, at ¶ 27, citing Woodson v. Ohio Adult Parole Authority, 10th Dist. No. 02AP-393, 2002-Ohio-6630, at ¶ 9. As we have previously stated:
Both the Ohio Revised Code and the Ohio Administrative Code give the OAPA the authority to investigate and examine any matters affecting appellant's ability to be at liberty without being a threat to society. In carrying out its statutory duty to determine appellant's suitability for parole, the OAPA may investigate and examine appellant concerning his mental and moral qualities and characteristics and any other matters affecting appellant's fitness to be at liberty without being a threat to society. R.C. 2967.03.
Fugett v. Ghee, 10th Dist. No. 02AP-618, 2003-Ohio-1510, at ¶ 17.
 {¶ 16} Appellee attached to its motion for summary judgment an affidavit executed by Jim Bedra, a member of the Parole Board who presided over appellant's January 3, 2002 parole hearing. (Defendant's Motion for Summary Judgment, Exhibit B.) This affidavit demonstrates that appellee considered appellant's previous pattern of criminal behavior, as well as his conduct while incarcerated, noting specifically his "repeated assaultive offenses," when it determined that appellant should be continued until March 2009. Based on this evidence, it appears that appellee provided appellant with meaningful consideration for parole and exercised its discretion in determining that appellant should be continued until 2009. Therefore, we overrule appellant's first assignment of error.
 {¶ 17} We turn now to appellant's second assignment of error. Appellant argues that the trial court erred when it failed to reach the merits of his claim that appellee violated the doctrine of separation of powers when it made its determination regarding his parole. We determined in Ankrom that the appellee "impermissibly encroached upon those functions exclusively within the domain of the judicatory branch" when it denied meaningful consideration regarding the earliest parole eligibility date of an inmate. Ankrom, supra, at ¶ 34. We stated that appellee's "denial of meaningful consideration had the effect of rendering the trial court's sentence meaningless and instituting its own minimum sentence and statutory date of parole eligibility," thereby violating the doctrine of separation of powers. Id.
 {¶ 18} The violation in Ankrom occurred because appellee disregarded plea bargains that had been entered into and accepted by courts, and based its parole decisions on criminal offenses with which those being considered for parole had been charged, but for which they had not actually been convicted. The issue was whether appellee "was assuming the underlying `function' of the judiciary by executing its own authority in the manner described." Ankrom, supra, at ¶ 33. Appellee placed appellant into an appropriate offense category, and provided appellant with meaningful consideration for parole. Ankrom did not purport to find that these functions were part of the "underlying function of the judiciary" or that consideration of other factors such as previous criminal behavior or behavior while incarcerated was an appropriation of the judicial function. Appellee's use of the guidelines resulted in the determination of a range for parole that is within the range of the indeterminate sentence imposed by the trial court at the conclusion of appellant's criminal case. Thus, we find that appellee did not violate the separation of powers when it considered appellant's eligibility for parole. Consequently, we overrule appellant's second assignment of error.
 {¶ 19} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.
[1] The specific facts giving rise to appellant's convictions can be found in State v. Larson (Nov. 10, 1993), 8th App. Dist. No. 63001, discretionary appeal not allowed (1996),77 Ohio St.3d 1417, 670 N.E.2d 1004.
[2] R.C. 2967.03 states that the Ohio Adult Parole Authority "may * * * grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society."