OPINION
{¶ 1} Plaintiffs-appellants, Alvin and Rosemary Phelps, appeal from a judgment of the Court of Claims of Ohio granting defendant-appellee, Ohio Attorney General's, motion to dismiss appellants' complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm.
 {¶ 2} On February 15, 2006, appellants, acting pro se, filed an amended complaint in the Court of Claims naming the State of Ohio/Office of the Attorney General, Seventh District Court of Appeals, Supreme Court of Ohio, and a number of individual elected officials and judges, including the Governor and the Chief Justice of the Supreme Court of Ohio. Following that filing, the trial court, in a "pre-screening entry," dismissed all the defendants except appellee (as representative of the State of Ohio entities) based upon R.C. 2743.02(E), which provides that only state agencies and instrumentalities of the state can be defendants in original actions in the Court of Claims. This entry is not the subject of this appeal. Thereafter, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based upon appellants' failure to state a claim upon which relief can be granted. The trial court granted the motion by entry of dismissal dated August 6, 2006, stating:
 In the motion to dismiss, defendant argues that plaintiffs' complaint is "nearly indecipherable." The court agrees. Indeed, upon review of plaintiffs' complaint and the documents attached thereto, the court is unable to discern a single cognizable claim for relief. The complaint also contains numerous cryptic references to various attachments and exhibits that provide no guidance as to the claim(s) plaintiffs attempt to assert.
 {¶ 3} Appellants appeal assigning the following errors:
 [1.] IS PHELPS COMPLAINT "INDECIPHERABLE"; CLAIMS ARE NOT INCOGNIZABLE AS TO WHAT RELIEF IS TO BE HAD, BUT ARE CLEAR AS TO ANYONE WITH A "REASONABLE MIND" ACCORDING TO SUBSTANTIVE LAWS AND OHIO JURISPRUDENCE OF THE STATE OF OHIO.
 [2] COURT OF CLAIMS ERRORED AS TO THE DEFENSE ON IMMUNITY IS AN AFFIRMATIVE DEFENSE AND AN ACTION [IS] A DENIAL OF CIVIL RIGHTS IS NOT TO BE DISMISSED AT THE PLEADING STAGE.
 [3] COURT OF CLAIMS ERRORED [SIC] AS TO PHELPS CAUSE OF ACTION IN COMPLAINT.
 [4] ERROR OF COURT OF CLAIMS INABILTY TO DECIPHER FROM THE COMPLAINT PHELPS STATUTORY RIGHTS AND CONSTITUTIONAL RIGHTS AS TO 3929.06 WHEN COURTS ACTED WITHOUT JURISDICTION.
 [5] THE COURT OF CLAIMS ERRORED [SIC] AND IGNORED THE RULES OF COURT, O.R.C. AND OHIO JURISPRUDENCE AND SUBSTANTIVE CASELAW WRITTEN AS TO WORD IN PHELPS' COMPLAINT WHICH THE COURT STATED WAS INDECIPHERABLE.
 [6] COURT OF CLAIMS FAILED TO DECIPHER THAT THE SUPREME COURT OF OHIO DID NOT COMPLY AS TO THEIR OWN RULINGS.
 [7] COURT OF CLAIMS INABILITY TO DECIPHER FROM THE PHELPS COMPLAINT THAT THE SUPREME COURT IS ADMINISTRATOR [OF] THE DISCIPLINARY COUNSEL.
 [8] AS THE COURT OF CLAIMS STATED THAT THEY COULD NOT DECIPHER FROM THE PHELPS COMPLAINT THAT THE PHELPS WERE DEPRIVED OF THEIR CONSTITUTIONAL RIGHTS AS THE COURTS NOT FOLLOWING THE LAWS AND THAT THE COURTS ARE TO PROTECT THOSE WHO COME BEFORE THEM THEIR CIVIL RIGHTS.
 {¶ 4} Civ.R. 12(B)(6) authorizes a defendant to assert by motion that the plaintiff failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of the complaint. State ex rel. Hansonv. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. Therefore, a trial court must limit its consideration to the four corners of the complaint when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v. Adjutant General of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 18. In addition, a court must presume that all factual allegations in the complaint are true and all reasonable inferences must be drawn in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192; Ritchie v.Ohio Adult Parole Auth., Franklin App. No. 05AP-1019, 2006-Ohio-1210, at ¶ 16. However, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489,490. Appellate review of motions to dismiss for failure to state a claim under Civ.R. 12(B)(6) is de novo. Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5; Ritchie, at ¶ 16.
 {¶ 5} Appellants' assignments of error are interrelated and, therefore, we will address them collectively. In essence, appellants contend that the trial court erred in finding their complaint "indecipherable" and that they have, in fact, stated causes of action for the denial of their civil rights, statutory rights, and constitutional rights. Therefore, we must determine on de novo review, whether appellants' amended complaint states a claim against appellee.
 {¶ 6} Appellants' amended complaint consists of approximately 177 paragraphs covering over 80 pages. Attached to the amended complaint are a number of other lengthy documents, most of which are pleadings from other legal actions. A large portion of the amended complaint consists of various statements of the law and citations to legal authorities. At the beginning of the amended complaint, appellants allege that they are asserting six claims:
 [1.] ACTING IN BAD FAITH;
 [2.] 1983, 1985, 1986 ACTION AS TO CONSPIRACY TO COMMIT LEGAL FRAUD, DENIAL OF FAIR TRIAL, CONSTITUTIONAL DEPRIVATION, 7 14 AMENDMENTS, DENIAL OF STATE STATUTES AND LAWS, ABUSE OF POWER WITH RECKLESS DISREGARD, MALICIOUS AND ABUSIVE DISREGARD AND INTENT TO CAUSE HARM ACTING WITHOUT JURISDICTION;
 [3] NEGLIGENCE IN OFFICIAL AND ADMINISTRATIVE DUTIES;
 [4] ABUSE OF DISCRETION AND POWER, WITH GROSS NEGLIGENCE AS TO THE SUPREME COURT, SEVENTH DISTRICT COURT OF APPEALS, COLUMBIANA COUNTY COURT OF COMMON PLEAS, TREATING PHELPS WITH INDIFFERENT TREATMENT AND ACTING WITHOUT JURISDICTION;
 [5.] CIVIL R.I.CO.
 [6] BREACH OF IMPLIED/ORAL CONTRACT.
 {¶ 7} Despite the length of appellants' amended complaint, their identification of a number of legal claims, and their detailed recitation of several different legal proceedings, the factual basis for appellants' purported claims against appellee is largely indecipherable. Although it is apparent that appellants are unhappy with the legal ruling in various legal proceedings in which they were parties, we are unable to discern the factual basis for the claims they purport to assert here. Civ.R. 8(A) provides "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief." As noted above, unsupported conclusions of a complaint are not sufficient to withstand a motion to dismiss. Seikbert, at 490. Appellants' appellate brief is not any more enlightening. Therefore, we agree with the trial court that appellants have failed to state a claim upon which relief can be granted.
 {¶ 8} We recognize that appellants are acting pro se. Nevertheless, a pro se litigant "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Dailey v. R J CommercialContracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 17, quoting Dombirier v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476. We simply cannot discern a cognizable claim against appellee in appellants' rambling, largely indecipherable allegations.
 {¶ 9} Moreover, to the extent that appellants attempt to assert claims against various states courts, appellants' allegations clearly challenge judicial acts conducted in the context of legal proceedings. Ohio judges have absolute immunity for actions taken within their official discretion. Elliott v. Ohio Dept. of Ins. (1993), 88 Ohio App.3d 1, 8, citing Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449. Additionally, judicial immunity extends not only to judges but also to courts and the state itself. Kafele v. State of Ohio (Sept. 21, 2004), Franklin App. No. 03AP-838. Therefore, even if we were able to decipher the factual basis for appellants' claims, the amended complaint contains allegations that clearly invoke the doctrine of judicial immunity.
 {¶ 10} For the foregoing reasons, we overrule appellants' eight assignments of error, and we affirm the judgment of the Court of Claims.
Judgment affirmed.
FRENCH and McGRATH, JJ., concur.