OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Glenn Weatherspoon, from a judgment of the Franklin County Court of Common Pleas in which the court granted summary judgment in favor of defendant-appellee, Lawrence Mack, Warden for the Dayton Correctional Institution, on appellant's pro se complaint for declaratory judgment.
 {¶ 2} The following facts are drawn primarily from the affidavit of Stephanie Starr, an employee with the Ohio Department of Rehabilitation and Correction ("ODRC") and an analyst for the Ohio Parole Board ("parole board"), which was submitted by appellee in *Page 2 
support of summary judgment. Appellant, an inmate, is serving an indefinite sentence of 10-25 years following his 1994 conviction in Montgomery County for involuntary manslaughter.
 {¶ 3} On January 5, 2000, after serving 78 months, appellant appeared before the parole board for an initial statutory eligibility hearing to determine his suitability for release on parole. Under the 1998 first edition parole guidelines, Section 204(C)(2), appellant was assigned an offense category score of "8," which applied to convictions for involuntary manslaughter resulting from an intentional assault. Appellant was also assigned a criminal history/risk score of 0, resulting in a guideline range of 60-84 months.
 {¶ 4} The case was then referred to the Central Office Board Review ("COBR"). On January 10, 2000, the COBR determined that appellant was not yet suitable for release on parole. Rather, a vertical departure to a guideline range of 240-300 months was warranted due to the following aggravating factors: the vulnerability of the victim due to the victim's age (three years old); the fact the victim had been beaten by appellant over a period of several months; the extent of the injuries covering the victim's body; the use of boards to beat the victim; the fact the victim was forced to lie on a mattress soiled with his own blood and vomit; and appellant's prior activity involving a 17-month old child. Further consideration of appellant's suitability for parole was continued until January 2010, after which appellant would have served 198 months.
 {¶ 5} Following this court's decision in Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546, the parole board rescinded its original decision and scheduled appellant for an "Ankrom hearing," to be held on September 9, 2005. Under the 2000 second edition parole guidelines, Section 204(C)(2), appellant was assigned an offense category score of 8, which applied to convictions for involuntary manslaughter *Page 3 
resulting from an intentional assault. Appellant was also assigned a criminal history/risk score of 0, resulting in a guideline range of 0-84 months. At the time of this hearing, appellant had served 146 months.
 {¶ 6} In June of 2001, the parole board amended the guidelines to include Section 204(B)(4), which assigned an offense category score of 10 for involuntary manslaughter involving a victim of less than 13 years of age.
 {¶ 7} On December 14, 2005, a hearing was conducted by COBR, and appellant was assigned a revised offense category score of 10 under the amended parole guidelines, Section 204(B)(4). Appellant was also assigned a criminal history/risk score of 0, resulting in a guideline range of 0-180 months. Appellant had served 149 months at the time of the December 2005 COBR hearing. Appellant was not deemed suitable for release due to the following aggravating factors: the vulnerable age of the victim; the duration of the abuse; the extent of the victim's injuries; and the ultimate, brutal, unprovoked death. It was determined that appellant should serve an additional 49 months before his next parole hearing.
 {¶ 8} On August 3, 2007, appellant filed a complaint for declaratory judgment with the trial court, asserting that judicial fact finding by the parole board took place 14 years after his conviction, and that such fact finding was being used to enhance his sentence past the statutory minimum for an offender of his category. Appellant further contended that the parole board had enhanced his offense category from level 8 to level 10 without any new admissions or evidence having been provided.
 {¶ 9} On September 17, 2007, appellee filed an answer. On September 25, 2007, appellee filed a motion for summary judgment. Appellant did not file a response to appellee's summary judgment motion. *Page 4 
 {¶ 10} By decision and entry filed December 5, 2007, the trial court granted appellee's motion for summary judgment. The trial court found in part that the parole guidelines were not binding on the parole board, nor were the guidelines violative of the ex post facto clause. The court further found that the record contained sufficient rationale for the parole board's decision to continue consideration of parole suitability.
 {¶ 11} On appeal, appellant sets forth the following three assignments of error for this court's review:
 I. THE ADULT PAROLE AUTHORITY ERRED BY APPLYING AN EX POST FACTO LAW TO THE APPELLANT, IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 II. THE ADULT PAROLE AUTHORITY ERRED BY USING "AGGRAVATED FACTORS" TO ELEVATE THE APPELLANT'S SENTENCE, THAT HAD NEVER BEEN FOUND BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT IN VIOLATION OF THE 5th, 6th, AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 III. THE OAPA HAS ERRED IN DEPRIVING APPELLANT MEANINGFUL PAROLE CONSIDERATION.
 {¶ 12} Under his first assignment of error, appellant asserts that the Ohio Adult Parole Authority ("OAPA") erred by applying an ex post facto law. Specifically, appellant argues that it was error for the OAPA to change his offense from an offense category score of 8 to an offense category score of 10 based upon guidelines that were not in effect at the time of his conviction. We disagree.
 {¶ 13} This court has previously noted that an inmate "has no constitutional or inherent right to be released before the expiration of a valid sentence." Wright v. Ghee, Franklin App. No. 01AP-1459, 2002-Ohio-5487, at ¶ 42. See, also, Collins v. Ohio Adult ParoleAuth., Franklin App. No. 02AP-1161, 2003-Ohio-2952, at ¶ 11 ("[a]n inmate that is *Page 5 
denied parole is deprived of no protected liberty interest and can claim no due process rights with respect to a parole determination"). Rather, "the OAPA's decision to grant or deny parole is an executive function involving a high degree of official judgment or discretion [and] [t]he discretionary authority in relation to parole eligibility and release given the OAPA, pursuant to R.C. 2967.01 et seq., has been properly delegated by the legislature." Wright, supra, at ¶ 42.
 {¶ 14} In Budd v. Kinkela, Franklin App. No. 01AP-1478, 2002-Ohio-4311, at ¶ 5-6, this court rejected a similar argument that the OAPA's use of different guidelines than those in effect at the time of the appellant's conviction violated the ex post facto prohibition, holding in part:
 Under R.C. 2967.03, the parole decision is discretionary. * * * The OAPA's use of internal guidelines does not alter the decision's discretionary nature. * * * Appellant cannot claim any right to have any particular set of guidelines apply. * * * We have specifically held on numerous occasions that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and, thus, any application of amended parole guidelines are not retroactively applied ex post facto. * * * Therefore, appellant was deprived of no protected liberty interest when the OAPA used different guidelines than were effective at the time of his conviction, and he can claim no due process rights with respect to the parole determination. * * *
 Further, the United States District Court for the Southern District of Ohio has held that parole guidelines are not violative of ex post facto prohibition, stating:
 * * * Changes in the parole matrix or parole guidelines may constitutionally be applied to inmates even though the changes occur after the inmates entered the state prison system. As the Court noted in its previous opinion and order, parole is a discretionary decision, and a state may constitutionally add or delete factors which guide the Parole Board's exercise of its discretion without running afoul of the Constitution. Simply put, an inmate has no vested interest in any particular set of parole guidelines, regulations, or matrices *Page 6 
which assist the Parole Board in exercising its discretion, and changes in those matters do not impair any rights enjoyed by state prisoners pursuant to the United States Constitution.
(Citations omitted.)
 {¶ 15} Based upon the above precedent, appellant's ex post facto claim is without merit, and, therefore, the trial court properly granted summary judgment as to that claim. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} Under his second assignment of error, appellant contends that the OAPA erred in using "aggravated factors" that had never been found by a jury to elevate his sentence, and that such action violated the separation of powers doctrine of the United States Constitution. In support, appellant relies upon the principles set forth in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348. In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id., at 490.
 {¶ 17} The state argues that Apprendi does not apply to the facts of this case because the parole board's decision does not increase the maximum authorized penalty. We agree. See Eubank v. Ohio Adult ParoleAuth., Franklin App. No. 05AP-274, 2005-Ohio-4356, at ¶ 12-13
(principles of Apprendi and Blakely v. Washington [2004], 542 U.S. 296,124 S.Ct. 2531 not applicable to parole determination; appellant's parole was not extended beyond the maximum sentence and the OAPA "retains its discretion to consider any circumstances relating to the offense or offenses of conviction").
 {¶ 18} Appellant's second assignment of error is without merit and is overruled. *Page 7 
 {¶ 19} Under his third assignment of error, appellant argues that he was denied "meaningful consideration" for release on parole. Appellant's primary contention is that the OAPA considered only negative factors in its parole determination and that there is no evidence it considered positive factors. In this respect, appellant maintains he has been "very productive" during his incarceration. (Appellant's brief, at 8.) Appellant also contends that the OAPA has fabricated negative factors.
 {¶ 20} In Larson v. Ohio Adult Parole Auth., Franklin App. No. 06AP-80, 2006-Ohio-5442, at ¶ 11-12, this court held in pertinent part:
 As we have previously noted, "[i]n Layne [v. Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719], the Ohio Supreme Court found that `meaningful consideration' for parole is denied when an inmate's offense of conviction is disregarded and parole eligibility is judged largely, if not entirely, on an offense category score that does not correspond to the offense or offenses of conviction set forth in the plea agreement." * * *
 In Ankrom, we outlined two circumstances in which an inmate may have been denied meaningful consideration in addition to the circumstances outlined in Layne. * * * The first such circumstance is "when the inmate is assigned an offense category under the guidelines that nominally corresponds to the inmate's offense of conviction but which is `elevated' based upon the parole board's independent determination that the inmate committed a distinct offense for which he was not convicted." * * * The second circumstance is "when the inmate is placed within the proper guidelines category pursuant to the offense of conviction, but the lowest possible range on the guidelines chart for that category is beyond the inmate's earliest statutory parole eligibility date." * * *
(Citations omitted.)
 {¶ 21} We note that, in support of the motion for summary judgment, appellee submitted, in addition to the affidavit of parole board analyst Starr, copies of decisions by *Page 8 
the parole board concerning appellant's parole review. Appellant did not file a response to the motion for summary judgment.
 {¶ 22} The trial court, in reviewing appellant's contention that he did not receive "meaningful consideration," determined that the parole board sheet "provides sufficient rationale for the decision to continue consideration of parole suitability," and that appellant had failed to present the court with any evidence to the contrary. Upon review, we agree with the trial court that the record before this court supports the parole board's determination. As noted above, the parole board's decision is discretionary, and the parole board was not required to find appellant suitable for release based on allegedly positive factors where the record contained, as found by the trial court, sufficient reasons weighing against release.
 {¶ 23} Appellant's third assignment of error is without merit and is overruled.
 {¶ 24} Based upon this court's de novo review, we find that the trial court did not err in granting summary judgment in favor of appellee. Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1